1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10   DAVID POULIN,

11                              Plaintiff,

CASE NO. 3:16-cv-05752-DWC

12           v.

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

13   NANCY A. BERRYHILL, Acting
      Commissioner of Social Security,[1]

14                              Defendant.

15

16          Plaintiff David Poulin filed this action, pursuant to 42 U.S.C. § 405(g), for judicial

17   review of Defendant's denial of Plaintiff's applications for supplemental security income

18   ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule

19   of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter

20   heard by the undersigned Magistrate Judge. *See* Dkt. 6.

21

22

---

23          [1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is
      substituted as Defendant for former Acting Commissioner Carolyn W. Colvin.  42 U.S.C. § 405(g); Fed. R. Civ. P.
24   25(d)(1).

1    After considering the record, the Court concludes the Administrative Law Judge

2  ("ALJ") erred when he failed to properly consider the medical opinion evidence of treating

3  physicians Drs. Nicholas Heath, DPM and Douglas Beaman, MD and treating nurses Victoria

4  Wright, ARNP and Bruce Lanum, ARNP. Had the ALJ properly considered this medical

5  opinion evidence, the residual functional capacity ("RFC") may have included additional

6  limitations.  The ALJ's error is therefore harmful, and this matter is reversed and remanded

7  pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings

8  consistent with this Order.

9                          FACTUAL AND PROCEDURAL HISTORY

10    On July 23, 2013, Plaintiff filed an application for SSI and DIB, alleging disability as

11  of May 5, 2013. *See* Dkt. 9, Administrative Record ("AR") 196-203, 217. The application was

12  denied upon initial administrative review and on reconsideration. *See* AR 107-123. A hearing

13  was held before ALJ James W. Sherry on February 12, 2015. *See* AR 11. In a decision dated

14  March 25, 2015, the ALJ determined Plaintiff to be not disabled. *See* AR 11-21. Plaintiff's

15  request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's

16  decision the final decision of the Commissioner. *See* AR 2-4; 20 C.F.R. § 404.981, § 416.1481.

17    In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred when he failed to: (1)

18  provide specific and legitimate reasons for rejecting the opinions of Drs. Nicholas Heath, DPM

19  and Douglas Beaman, MD; (2) provide germane reasons for rejecting the opinions of Nurses

20  Victoria Wright, ARNP and Bruce Lanum, ARNP; (3) provide clear and convincing reasons

21  for rejecting Plaintiff's testimony; and (4) meet the burden of showing there were other jobs in

22  the national economy Plaintiff could perform. Dkt. 11, p. 1.

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

1

<u>STANDARD OF REVIEW</u>

2

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

3

social security benefits if the ALJ's findings are based on legal error or not supported by

4

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1

5

(9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6

<u>DISCUSSION</u>

7

**I.  Whether the ALJ properly weighed the medical opinions.**

8

A.  <u>Drs. Nicholas Heath, DPM and Douglas Beaman, MD, and Nurse Bruce Lanum, ARNP</u>

9

10

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

11

opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th

Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908

12

F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is

13

contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported

14

by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53

15

F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The

16

ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and

17

conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*

18

*v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751

19

(9th Cir. 1989)).

20

Plaintiff's treating podiatrist, Dr. Nicholas Heath, provided an opinion letter in response

21

to a request from Plaintiff's representative on July 22, 2014. AR 365-368. Dr. Heath opined

22

that as a result of Plaintiff's injuries, Plaintiff has continued to suffer from severe pain in his

23

feet at a level that interferes with his focus and from ongoing swelling of his lower extremities

24

1  to the point he was instructed to elevate his feet several times per day for one and a half to two

2  hours. AR 365-6. Dr. Heath further opined that Plaintiff's complaints are consistent with his

3  diagnosis and, on a more likely than not basis, Plaintiff would be absent three or more days per

4  month if he were to perform full-time work at any exertional level. AR 367. Dr. Heath

5  specifically provided Plaintiff "will have chronic pain that will require rest often with his daily

6  activities." *Id*. Plaintiff's treating orthopedic surgeon, Dr. Douglas Beaman, affirmed and

7  agreed with Dr. Heath's opinion in its entirety. AR 460-62. Bruce Lanum, ARNP also affirmed

8  and agreed with Dr. Heath's opinion in its entirety. AR 609-11.[2]

9       The ALJ gave little weight to Drs. Heath and Beaman and Nurse Lanum's opinions

10  finding their opinions were inconsistent (1) with the totality of the evidence in the record; and

11  (2) with Plaintiff's activities of daily living. AR 18.

12       First, the ALJ assigned little weight to these opinions because they were inconsistent

13  with the totality of the evidence in the record. AR 18. Specifically, the ALJ concluded

14  Plaintiff's injury improved with time and treatment, caused only minimal swelling, did not

15  affect Plaintiff's gait, and produced symptoms requiring only minimal medication. AR 18

16  (citing AR 580). An ALJ need not accept the opinion of a treating physician if that opinion is

17  inadequately supported "by the record as a whole." *See Batson v. Commissioner of Social*

18  *Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, the only record cited by the

19  ALJ in support of these propositions does not sufficiently support the ALJ's conclusion.  In

20  fact, the record actually undermines the ALJ's conclusion as it states Plaintiff "[a]ppears

21

22       [2] The Court notes the standard of review is different for Nurse Lanum. Because Nurse Lanum is a nurse
practitioner, the ALJ need only provide germane reasons, not specific and legitimate reasons, for discounting his

23  opinion. *See* 20 C.F.R. § 404.1513 (d); *see also* Section II. The Court considered this standard in its review of Nurse
Lanum's opinion and concludes that regardless of the applicable standard of review, the ALJ failed to provide
specific and legitimate or germane reasons for discounting the opinions of Nurse Lanum and Drs. Heath and

24  Beaman.

1  obviously in pain with eyebrows furled and grimacing…[he is] returning today for pain

2  management…He has debilitating bilateral foot and ankle pain." AR 580-81.

3  Additionally, while Plaintiff has conceded some improvement, review of Plaintiff's

4  medical records shows Plaintiff's injury has not shown improvement inconsistent with his

5  medical providers' opinions. Rather, over the course of the past several years Plaintiff's health

6  providers have repeatedly noted Plaintiff experiences severe pain in his feet and ongoing

7  swelling of his lower extremities. AR 365-7, 387, 397, 420, 453, 455-9, 580-1, 585, 592. The

8  records further show that while Plaintiff sees some improvement by taking Norco®--a

9  prescription opioid pain medication to manage his pain--his functional abilities and mobility

10  are significantly impaired. AR 455, 580-1, 592, 585, 627-9. Indeed, the record demonstrates

11  Plaintiff's gait has been negatively impacted. For example, from November 20, 2013 through

12  December 9, 2014, multiple medical providers have regularly noted that Plaintiff's gait is

13  antalgic, abnormal, or difficult. AR 387, 397, 420, 437, 466, 470, 478, 485, 586, 593. The

14  record fails to show these opinions were inconsistent with the totality of the evidence.

15  Accordingly, the ALJ's decision to give Drs. Heath and Beaman and Nurse Lanum's opinions

16  minimal weight based on inconsistency with the record is not supported by sufficient evidence.

17  Second, the ALJ assigned little weight to these opinions because they were inconsistent

18  with Plaintiff's activities of daily living. AR 18. In support, the ALJ correlated Plaintiff's

19  ability to ride a motorcycle as showing improvement and therefore inconsistent with the

20  limitations opined to by these providers. AR 17-18. The ALJ found Plaintiff's ability to ride a

21  motorcycle "greatly undermines his allegation of great pain in his feet and difficulty

22  standing/walking." AR 17.  The Ninth Circuit has specified "the two grounds for using daily

23  activities to form the basis of an adverse credibility determination: (1) whether or not they

24

1   contradict the claimant's other testimony and (2) whether or not the activities of daily living

2   meet "the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir.

3   2007).  However, the ALJ did not explain why he believes Plaintiff's ability to sit for short

4   periods riding a motorcycle undermines Plaintiff's allegations regarding his chronic foot pain

5   or standing/walking limitations, or his medical providers' opinions or treatment

6   recommendations. AR 17-18.

7          Here, the ALJ did not cite evidence demonstrating Plaintiff's ability to ride a

8   motorcycle was inconsistent with his medical providers' opinions Plaintiff must elevate his

9   feet several times per day for 1.5 to 2 hours, experiences severe pain in his feet such that he is

10  unable to maintain attention and concentration on daily activities 25% or more of the time, or

11  that Plaintiff would likely experience three or more days of absenteeism per month if he

12  performed fulltime work activity. *See* AR 365-67, 460-62, 609-11; *See Morgan v.*

13  *Commissioner of Social Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999) (upholding

14  rejection of physician's conclusion that claimant suffered from marked limitations in part on

15  basis that other evidence of claimant's ability to function, including reported activities of daily

16  living, contradicted that conclusion). Additionally, the Court notes the Ninth Circuit's

17  "repeat[ed] warn[ing] that ALJs must be especially cautious in concluding that daily activities

18  are inconsistent with testimony about pain, because impairments that would unquestionably

19  preclude work and all the pressures of a workplace environment will often be consistent with

20  doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 955, 1016 (9th

21  Cir. 2014)(referencing *Smolen v. Chater*, 80 F.3d 1273, 1287 n.7 (9th Cir. 1996) ("The Social

22  Security Act does not require that claimants be utterly incapacitated to be eligible for benefits,

23  and many home activities may not be easily transferable to a work environment where it might

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

1    be impossible to rest periodically or take medication." (citation omitted in original)); *Fair v.*

2    *Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

3           Accordingly, the Court agrees with Plaintiff that the ALJ failed to adequately explain or

4    provide specific and legitimate, or germane reasons for his contention that his activities of

5    daily living conflict with these opinions and concludes the ALJ erred in discounting the

6    opinions of Plaintiff's treating medical providers, Drs. Heath and Beaman and Nurse Lanum.

7           "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*,

8    674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial

9    to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*

10   *v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*,

11   674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-

12   specific application of judgment" by the reviewing court, based on an examination of the

13   record made "'without regard to errors' that do not affect the parties' 'substantial rights.'"

14   *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

15          Had the ALJ properly considered the opinions of Drs. Heath and Beaman and Nurse

16   Lanum, he may have included additional limitations in the RFC. For example, Dr. Heath

17   opined, and Plaintiff's other medical providers agreed, that due to Plaintiff's chronic pain he is

18   unable to perform any job activities including sedentary, light to medium work. AR 365-67,

19   460-62, 609-11. Plaintiff's medical providers further opined Plaintiff experiences chronic pain

20   which requires him to rest during daily activities and ongoing swelling requiring him to elevate

21   his feet several times per day for an average of 1.5 to 2 hours out of an 8 hour day. *Id*. The ALJ

22   did not include these limitations in the RFC. *See* AR 20-21. Thus, the ultimate disability

23   determination may change if Plaintiff's treating medical providers' limitations are included in

24

1  the RFC and considered throughout the remaining steps of the sequential evaluation process.

2  Accordingly, the ALJ's error is not harmless and requires reversal.

3                 B.  <u>Nurse Victoria Wright, ARNP</u>

4         Plaintiff also contends the ALJ erred in discounting the opinion of Nurse Victoria

5  Wright, ARNP.

6         Medical opinions from "other medical sources," such as nurse practitioners, therapists

7  and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v.*

8  *Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (*citing* 20 C.F.R. § 404.1513(a),

9  (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony, as with all lay witness

10  testimony, "is competent evidence an ALJ must take into account," unless the ALJ "expressly

11  determines to disregard such testimony and gives reasons germane to each witness for doing

12  so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224.

13         Victoria Wright, ARNP, was Plaintiff's primary care provider periodically throughout

14  2013 and 2014. She provided an opinion letter in response to a request from Plaintiff's

15  representative on June 25, 2014. AR 500-502. Nurse Wright opined since she began treating

16  Plaintiff in November 2013, Plaintiff "continues to have severe pain due to muscular/skeletal

17  issues that have and may still, require surgeries. It is difficult to assess if he can sustain active

18  employment even if sedentary." AR 500. Nurse Wright further unequivocally opined that

19  Plaintiff's ongoing swelling in his lower extremities requires him to elevate his feet above his

20  heart level several times per day for 1.5 to 2 hours out of most 8 hour periods during the day.

21  AR 501.

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8

1    The ALJ gave little weight to Nurse Wright's opinion and found her opinion was (1)

2  inconsistent with the totality of the evidence in the record; (2) based upon Plaintiff's subjective

3  reports; and (3) inconsistent with Plaintiff's recent reports of improvement. AR 19.

4    First, the ALJ found Nurse Wright's opinions were inconsistent with the totality of the

5  evidence in the record, but failed to provide any details or reasons to support this conclusion.

6  *See Lewis*, 236 F.3d at 512 (in rejecting lay testimony, the ALJ need not cite the specific

7  record but must expressly provide "arguably germane reasons" for doing so.) Here, without

8  more from the ALJ it is impossible to determine which records he is referencing and whether

9  Nurse Wright's opinions are in fact inconsistent with that evidence. Accordingly, this first

10  reason is not a germane reason to reject Nurse Wright's opinion.

11    Second, the ALJ rejected Nurse Wright's opinion because it was based on Plaintiff's

12  subjective complaints. An ALJ may reject a treating provider's opinion if it is based to a large

13  extent on a claimant's properly discounted self-reports (*See Tommasetti v. Astrue*, 533 F.3d

14  1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602

15  (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). While Nurse Wright

16  specifically indicated she relied on Plaintiff's subjective complaints in answering two of the

17  questions presented, she also provided unqualified responses which were based on her

18  objective findings and opinions following repeated treatment of Plaintiff. *See* AR 500-502. The

19  ALJ failed to recognize Nurse Wright specifically identified which portions of her opinion

20  were based solely on subjective input and therefore imputed the subjective findings into the

21  objective findings. The ALJ further failed to address Nurse Wright's medical reports from

22  2013-2014 evidencing her examination and observations of Plaintiff, his chronic pain, and

23  whether Nurse Wright's examinations and observations could serve as objective bases for her

24

1   conclusions that Plaintiff suffers from severe pain and swelling requiring elevation. AR 470-

2   77, 480-81, 485-88. Accordingly, the Court finds the ALJ's discounting of Nurse Wright's

3   opinion because it is based on Plaintiff's subjective complaints is not a germane reason.

4        Finally, the ALJ rejected Nurse Wright's opinion finding the opinion was inconsistent

5   with Plaintiff's reports of recent improvement. AR 19. The ALJ supported his conclusion by

6   referencing two of Plaintiff's medical records. AR 19 (citing AR 592, 628). Instead of showing

7   Plaintiff's condition was improving, the records the ALJ cites actually indicate Plaintiff

8   experiences "Dull, Sharp, Heavy, Stabbing, Burning, Pressure, Shooting, Aching, Pins and

9   needle and Exhausting" pain ranging in intensity from 4/10 at best to 8/10 at worst, requiring

10  medication in order to be functional. AR 592. These records further demonstrate Plaintiff still

11  has severe difficulty squatting, standing, walking, and stair climbing, and experiences severe

12  pain and moderately impaired flexion and mobility. AR 627-8. As such, these records are not

13  inconsistent with Plaintiff's medical providers' testimony and therefore the ALJ's third reason

14  is not a germane reason for dismissing Nurse Wright's testimony.

15       For the reasons stated above, the Court concludes that the ALJ erred in dismissing

16  Nurse Wright's opinion with arguably germane reasons.

17       "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*,

18  674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial

19  to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*

20  *v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*,

21  674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-

22  specific application of judgment" by the reviewing court, based on an examination of the

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10

1    record made "'without regard to errors' that do not affect the parties' 'substantial rights.'"

2    *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

3         Had the ALJ properly considered Nurse Wright's opinions, he may have included

4    additional limitations in the RFC. For example, Nurse Wright opined Plaintiff suffers from

5    severe pain which reaches a level that interferes with Plaintiff's focus and ability to maintain

6    attention and concentration 25% or more of the time and continues to experience swelling

7    requiring him to elevate his feet several times per day for an average of 1.5 to 2 hours out of an

8    8 hour day. AR 500-501. The ALJ did not include these limitations in the RFC. *See* AR 20-21.

9    Thus, the ultimate disability determination may change if the limitations from Nurse Wright's

10   opinions are included in the RFC and considered throughout the remaining steps of the

11   sequential evaluation process. Accordingly, the ALJ's error is not harmless and requires

12   reversal.

13        **II.  Whether the ALJ erred in discounting Plaintiff's credibility.**

14        Plaintiff contends the ALJ failed to provide clear and convincing reasons for rejecting

15   Plaintiff's testimony about the limiting effects of his symptoms. Dkt. 11, p. 13-14. The Court

16   concludes the ALJ committed harmful error in assessing the medical opinion evidence and

17   finds remand necessary for the ALJ to reconsider the evidence and issue a new decision. *See*

18   Section I, *supra*. Because the ALJ's reconsideration of the medical opinion evidence may

19   impact his assessment of Plaintiff's subjective testimony, the ALJ must reconsider Plaintiff's

20   subjective testimony on remand.

21        The Court also notes, on March 16, 2016, the Social Security Administration changed

22   the way it analyzes a claimant's credibility. *See* SSR 16-3p, 2016 WL 1119029 (S.S.A. Mar.

23   16, 2016).  The ALJ's decision, dated March 25, 2015, was issued a year before SSR 16-3p

24

became effective. Therefore, the ALJ did not err by failing to apply SSR 16-3p. However, on remand, the ALJ is directed to apply SSR 16-3p when evaluating Plaintiff's subjective symptom testimony. *See Folsom v. Colvin*, 2016 WL 6991194, n. 10 (C.D. Cal. Nov. 29, 2016) (directing SSR 16-3p to apply on remand); *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086-87 (N.D. Cal. 2001) (after finding remand necessary to correct errors in rejecting the medical evidence and lay testimony, the court directed the ALJ to comply with a new regulation which was enacted after the ALJ issued his decision).

### III. Whether the ALJ erred in determining Plaintiff was capable of performing substantial gainful work at Step Five of the sequential evaluation process.

Plaintiff contends the ALJ erred in her Step Five analysis because she failed to include all Plaintiff's limitations in the RFC. Dkt. 11, p. 15.

The Court concluded the ALJ committed harmful error when he failed to discuss and explain the weight given to portions of pertinent medical opinions. *See* Section I, *supra*. The ALJ must therefore reassess the RFC on remand. *See* Social Security Ruling 96-8p ("The RFC assessment must always consider and address medical source opinions."); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 690 ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, he must also re-evaluate the findings at Step Five to determine if Plaintiff can perform the jobs identified by the vocational expert in light of the new RFC. *See Watson v. Asture*, 2010 WL 4269545, *5 (C.D. Cal. Oct. 22, 2010) (finding the ALJ's RFC determination and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider a doctor's findings).

1

## CONCLUSION

2        Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

3   Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

4   this matter is remanded for further administrative proceedings in accordance with the findings

5   contained herein.

6        Dated this 21st day of March, 2017.

7

8                                          David W. Christel
9                                          United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 13